UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

WILLIAM T. MAYFIELD                                                          PLAINTIFF
ADC #659228

V.                              Case No. 4:24-CV-00063-LPR-BBM

RODNEY WRIGHT, Sheriff,
Saline County Sheriff's Office;
GILLIAM, Captain, Saline County
Detention Center; and SCHAFER,
Sergeant, Saline County Detention Center                        DEFENDANTS

## ORDER

## I.    INTRODUCTION

On January 25, 2024, Plaintiff William T. Mayfield ("Mayfield"), an inmate in the

Saline County Detention Center ("SCDC"), filed a *pro se* Complaint pursuant to 42 U.S.C.

§ 1983, along with three of his fellow inmates. (Doc. 2). The Complaint alleges that

Defendants—Sheriff Rodney Wright ("Sheriff Wright"), Captain Gilliam, and Sergeant

Schafer—violated the inmates' constitutional rights because the SCDC showers contained

"black mold." *Id.* at 4–5.

Pursuant to the Court's usual procedure, the Complaint was severed into four

separate cases.[1] Inmates Mayfield and Deshon Austin were the only inmates to file *in forma*

_____

[1] *Mayfield v. Wright*, No. 4:24-CV-00063-LPR-BBM (E.D. Ark. Jan. 25, 2024); *Austin v. Wright*, No. 4:24-CV-00064-LPR-BBM (E.D. Ark. Jan. 25, 2024); *Burton v. Wright*, No. 4:24-CV-00065-LPR-BBM (E.D. Ark. Jan. 25, 2024); *Curry v. Wright*, No. 4:24-CV-00066-LPR-BBM (E.D. Ark. Jan. 25, 2024).

*pauperis* motions or otherwise indicate their willingness to prosecute their case. Thus, Mayfield's and Austin's cases are the only two left pending.[2]

This Order addresses Mayfield's individual case. Before Mayfield may proceed, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[3] 28 U.S.C. § 1915A(a).

## II.    DISCUSSION

### A.    Allegations in Complaint

Mayfield's Complaint alleges that, "for 2 months now," Defendants have ignored the black mold growing in the SCDC showers. (Doc. 2 at 4).  He and the other inmates are "constantly getting sicker" by being "forced to take showers in black mold." *Id.* One inmate[4] spoke directly with Sergeant Schafer about the conditions and asked her for chemicals to clean the mold. *Id.* Sergeant Schafer allegedly stated that "she don't care" and the inmates "deserved to take showers in mold." *Id.* Mayfield sent letters and a "Citizen Complaint Form," that listed Austin as a witness, to Sheriff Wright and Captain Gilliam, but they "ignored" the situation. *Id.* at 4, 6–10. Mayfield sues Defendants in their individual

---

[2] *See* Order of Dismissal, *Burton v. Wright*, No. 4:24-CV-00065-LPR-BBM (E.D. Ark. Mar. 25, 2024); Order of Dismissal, *Curry v. Wright*, No. 4:24-CV-00066-LPR-BBM (E.D. Ark. Mar. 25, 2024).

[3] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

[4] Because the multi-plaintiff Complaint is written in first person, it is unclear if it was Mayfield or another inmate that spoke directly with Sergeant Schafer.

and official capacities. *Id.* at 2. He seeks compensatory damages and injunctive relief. *Id.* at 5.

**B.    Initial Screening**

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Iqbal*, 556 U.S. at 678. "A prisoner cannot bring claims on behalf of other prisoners" and, instead, may proceed only on the alleged constitutional violations he *personally experienced* and the harm he personally suffered. *Martin v. Sargent,* 780 F.3d 1334, 1337 (8th Cir. 1985).

Liberally construing Mayfield's Complaint, he raises a conditions-of-confinement claim against Defendants. The Complaint, however, is devoid of any specific factual allegations explaining how Mayfield, himself, was personally harmed by the conditions in the SCDC. Vague allegations that "inmates…are constantly getting sicker" do not suffice. (Doc. 2 at 4).

Additionally, Mayfield's claim against Defendants in their official capacities is the equivalent of a claim against their employer, Saline County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  In order to state an official-capacity claim, Mayfield must allege facts showing that the underlying constitutional violations resulted from: (1) an official Saline County policy; (2) an unofficial Saline County custom; or (3) a deliberate indifferent failure to train or supervise. *Atkinson v. City of Mountain View, Mo.*,

709 F.3d 1201, 1214 (8th Cir. 2013) (citations omitted). Mayfield fails to allege any such facts and, therefore, fails to state a viable official-capacity claim against any Defendant.

### C.   Opportunity to Amend

The Court will allow Mayfield thirty (30) days, from the date of this Order, to file an Amended Complaint to correct the deficiencies in his current pleading. Any Amended Complaint must explain: (1) the specific dates and how often he was subjected to the allegedly unconstitutional conditions of confinement, *i.e.,* how many times or how often he was "forced" to take showers in black mold; (2) how he was *personally* harmed by the conditions described above; and (3) his legal and factual basis for suing Defendants in their official capacities.

Mayfield is placed on notice that, if he files the Amended Complaint, that pleading will supersede his previous Complaint. *See In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000). Accordingly, his Amended Complaint should contain *all Defendants* he seeks to name in this matter, *all claims* he seeks to pursue in this action, and *the factual predicate* for all claims against all Defendants. If Mayfield elects not to file an Amended Complaint, the Court will proceed to screen his January 25, 2024 Complaint.

### D.   Pending Motions

There are three Motions pending before the Court: (1) Motion for Status Update and Motion to Add Plaintiff; (2) Motion for Order; (3) Motion to Add Plaintiff and for Discovery. (Docs. 12–13, 15). The Court will address each one, in turn.

### 1. Motion for Status Update and Motion to Add Plaintiff (Doc. 12)

In his Motion for Status Update and Motion to Add Plaintiff, Mayfield first asks if the Court received the Ziplock bag containing an evidence sample he mailed in a separate envelope. (Doc. 12). As explained in the Court's February 12 Order, the envelope containing "evidence" was received but discarded in accordance with Clerk's office policy. (*See* Doc. 11).

Mayfield next seeks to add a fifth Plaintiff, Tyler Gray, to the Complaint. As indicated above, each individual plaintiff must: (1) receive leave to proceed *in forma pauperis* (or pay the $405 filing fee in full); *and* (2) submit a complaint that indicates how he was *personally* affected by the conditions in SCDC. Accordingly, *Mayfield's* request to add a plaintiff is denied. If Tyler Gray wishes to pursue a conditions-of-confinement claim, he may do so by initiating a new and separate § 1983 action.

Accordingly, Mayfield's Motion for Status Update and Motion to Add Plaintiff (Doc. 12) is GRANTED in part and DENIED in part.

### 2. Motion for Order (Doc. 13)

In his Motion for Order, which is embedded in a motion filed in one of Mayfield's other civil rights actions (*Mayfield v. Wright*, No. 4:23-CV-01081-LPR, (Doc. 22)), he asks for an order directing SCDC to pay the filing fees in all his pending lawsuits. (Doc. 13 at 5).

Mayfield is responsible for his own filing fees in this action. *See* 28 U.S.C. §§ 1914, 1915. His Motion for Leave to Proceed *In Forma Pauperis* (Doc. 1) was granted, and his custodian at the Arkansas Division of Correction was directed to collect the fee in

installments. (Doc. 7). Accordingly, Mayfield's Motion for Order (Doc. 13) is DENIED as moot.

### 3.    Motion to Add Plaintiff and for Discovery (Doc. 15)

In his Motion for Status Update and Motion to Add Plaintiff, Mayfield asks to add a sixth plaintiff, Jarrod Wear, to the Complaint. (Doc. 15 at 1). For the reasons set forth above, that request is denied.

Mayfield next asks if he should send another "specimen" as evidence. *Id.* Again, any non-documentary evidence received by the Clerk will be immediately discarded.[5]

Finally, Mayfield asks for all "Kiosk messages, grievances, appeals, inmate requests, pictures, [and] conversations with jail staff [and] medical." (Doc. 15 at 2). Discovery will not commence unless and until Mayfield submits an Amended Complaint that states a claim for relief. Thus, any request for discovery is premature.

Accordingly, Mayfield's Motion to Add Plaintiff and for Discovery (Doc. 15) is DENIED.

---

[5] The Eastern District of Arkansas's 42 U.S.C. § 1983 Complaint Forms, which are provided to *pro se* prisoners and available on the Court's website, inform prisoners that:

> You must have prior approval from the Court before submitting any non-documentary exhibits in support of your claims. Non-documentary exhibits must remain in the custody of the party until the trial or hearing unless otherwise directed by the Court. Any item received through the mail that is not a paper document, or that is potentially hazardous, will not be considered as evidence by the Court. Instead, the item will be immediately disposed of.

*See* Instructions for Prisoners Filing A Complaint Under The Civil Rights Act, 42 U.S.C. § 1938, Form for the United States District Court for the Eastern District of Arkansas, https://www.are.uscourts.gov/Prisoner-Forms (last accessed Apr. 29, 2024).

### III.   CONCLUSION

IT IS THEREFORE ORDERED THAT:

1.      The Clerk is directed to mail Mayfield a § 1983 complaint form that is labeled "Amended Complaint."

2.      Mayfield will be allowed to file, within thirty (30) days of the date of this Order, an Amended Complaint containing the facts described in this Order, which are necessary to support his claims. If he elects not to file a timely Amended Complaint, the Court will screen his original Complaint.

3.      Mayfield's Motion for Status Update and Motion to Add Plaintiff (Doc. 12) is GRANTED in part and DENIED in part.

4.      Mayfield's Motion for Order (Doc. 13) is DENIED.

5.      Mayfield's Motion to Add Plaintiff and for Discovery (Doc. 15) is DENIED.

DATED this 29th day of April, 2024.

_____
UNITED STATES MAGISTRATE JUDGE